

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00072-CR

DAVID KITZMILLER                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Kitzmiller's notice of appeal was due February 20, 2014, but was not filed until February 21, 2014. *See* Tex. R. App. P. 26.2(a)(2). On April 2, 2014, we informed Kitzmiller of our concern that we may not have jurisdiction over this appeal and requested that he advise the court whether he filed the notice of appeal by mail. *See* Tex. R. App. 9.2(b). Kitzmiller responded

---

[1]*See* Tex. R. App. P. 47.4.

on April 14, 2014, that he filed the notice of appeal on February 21, 2014, based on his good-faith reliance on a website that calculated when the notice of appeal was due and that if the court "does not believe" that he timely filed his appeal, then he is entitled—under the state and federal constitutions—to cross-examine "witnesses." Kitzmiller is not so entitled. It is well established that a notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If an appeal is not timely perfected, the court has no jurisdiction and can take no action other than to dismiss the appeal. *Slaton*, 981 S.W.2d at 210.

As part of his response to our jurisdiction letter, Kitzmiller filed a motion for extension of time to file the notice of appeal, but the motion was not timely filed, *see* Tex. R. App. P. 26.3, and we are unable to construe the motion as timely filed despite Kitzmiller's good-faith belief that he filed the notice of appeal timely. *See Olivo*, 918 S.W.2d at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction."). Kitzmiller alternatively asks us to construe his response as a motion for an out-of-time appeal, but the appropriate vehicle for that relief is by writ of habeas corpus from the court of criminal appeals. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Accordingly, we deny Kitzmiller's motion and dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2014